# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1696V
### UNPUBLISHED

KARROLEE TOMCHAK,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: September 2, 2022

Special Processing Unit (SPU);
Ruling on Entitlement; Concession;
Table Injury; Influenza (Flu) Vaccine;
Guillain-Barre Syndrome (GBS)

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Julia Marter Collison, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On August 16, 2021, Karrolee Tomchak filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Table injury – Guillain-Barre Syndrome (GBS) – as a result of her October 22, 2019 influneza ("flu") vaccination. Petition at 1. Petitioner further alleges that she suffered the residual effects of her injury for more than six months, and that there has been no prior award or settlement of a civil action on her behalf as a result of her injury. *See* Petition ¶¶ 12-12. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 1, 2022, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent that "[t]he facts of this case, as reflected in the petition and accompanying documents, have been reviewed by medical personnel at the Division of Injury Compensation Programs of the Department of Health and Human Services ("DICP"). DICP has concluded that petitioner's claim meets the Table criteria for GBS." *Id.* at 9. Respondent further agrees that

> [w]ith respect to other statutory issues, the records show that the case was timely filed, 42 U.S.C. § 300aa-16(a)(2); that petitioner received the vaccine in the United States, 42 U.S.C. § 300aa-11(c)(1)(B)(i)(I); that the vaccine that petitioner received is set forth in the Vaccine Injury Table, 42 C.F.R. § 100.3(a)(XIV)(D); that petitioner's injury lasted for at least six months, 42 U.S.C. § 300aa-11(c)(1)(D)(i); and that petitioner has not filed a prior action or received any prior compensation or award for an injury related to this vaccine, 42 U.S.C. § 300aa-11(c)(1)(E). Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act.

*Id.* at 10.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master